# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
August 2000 Session

## STATE OF TENNESSEE v. RICHARD EUGENE TRIVETTE

**Appeal from the Criminal Court for Sullivan County**
**No. S42,187     Phyllis H. Miller, Judge**

---

**No. E1999-00944-CCA-R3-CD**
**October 4, 2000**

---

The Defendant was convicted of two counts of sexual battery. His plea agreement provided for concurrent sentences of two years for his convictions, with the manner of service of the sentences to be determined by the trial judge. The trial judge ordered that the Defendant serve 280 days of his sentences in the county jail, with the balance to be served on intensive probation. On appeal, the Defendant argues that the trial judge erred by ordering him to serve 280 days in jail. We modify the sentences imposed by the trial court.

**Tenn. R. App. 3 Appeal; Judgment of the Criminal Court Modified.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the appellant, Richard Eugene Trivette.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; Greeley Wells, District Attorney General; and Greg Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted for two counts of sexual battery by an authority figure, each being a Class C felony.[1] Pursuant to a plea agreement, he pleaded guilty to one count of the lesser included offense of sexual battery and entered a plea of nolo contendere to another count of sexual battery, each offense being a Class E felony.[2] He was to receive concurrent sentences of two years for each conviction as a Range I standard offender. The manner of service of the sentence was left to the discretion of the trial judge, with the understanding that the Defendant would seek probation

---

[1] See Tenn. Code Ann. § 39-13-527.

[2] See Tenn. Code Ann. § 39-13-505.

or other alternative sentencing options. Following a sentencing hearing, the trial judge ordered that the Defendant serve 280 days in the county jail, with the balance of the sentence to be served on intensive probation. On appeal, the Defendant argues that the trial judge erred by ordering him to serve 280 days in jail. He argues that he should have received either total probation or a lesser amount of time in jail.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." Id. § 40-35-102(5). Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 228, 235 (Tenn. 1986)).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3)-(4). The court

should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Id. § 40-35-103(5).

A transcript of the guilty plea proceeding is not contained in the record. We therefore glean the facts from the transcript of the sentencing hearing, along with the presentence report and other information contained in the record. The victim was the thirteen-year-old daughter of the Defendant's first cousin. The Defendant had known the victim all of her life. In the presentence report, the Defendant stated that he and the victim's father were "more like brothers than cousins." The Defendant's family and the victim's family attended church together. According to the presentence report, the Defendant stated that he was "privileged to lead [the victim] to Christ." One of the sexual battery offenses was based on the allegation that the Defendant placed his hand inside the victim's shirt and fondled her breast. The other sexual battery offense was based on a separate incident in which the Defendant was alleged to have placed his hand inside the victim's clothing on her genital area. Information in the presentence report reflects that the victim reported that the Defendant penetrated her vagina with his finger. The Defendant denied any penetration.

At the time of sentencing, the Defendant was thirty-seven years old and married. He had been married three times previously and had two children. He has a high school education and a history of steady employment. He was convicted of robbery with the use of a firearm in Bristol, Virginia in 1985, for which he apparently received an effective sentence of five years in the penitentiary. While he was serving this sentence, he was charged with possessing a controlled substance while serving time on a felony charge, which was reduced to simple possession of a controlled substance to which he pleaded guilty and received a twelve-month jail sentence. At the sentencing hearing, the Defendant stated that he was ordered to pay restitution in connection with his 1985 robbery conviction. He stated that his parole on that conviction had been extended to allow him to continue to pay restitution. He acknowledged that he had not satisfied his obligation to make restitution and that he did not know whether he had been discharged from parole.

The Defendant expressed his remorse concerning his actions with the victim. While he admitted that he had placed his hand between the victim's legs on her genital area, he denied the separate incident involving his fondling the victim's breast. He denied that he penetrated the victim's vagina with his finger. The Defendant's pastor, the Defendant's step-father, and the Defendant's wife all testified in support of the Defendant at the sentencing hearing. The victim's step-mother testified that these events had had an extremely detrimental effect upon the victim. She stated that she had noticed a definite adverse effect on the victim's grades in school, that the victim had lost interest in attending church, and that "[j]ust her whole attitude, her whole way of thinking has----it's really affected her."

At the conclusion of the sentencing hearing, the trial judge stated that she was considering the relevant sentencing principles, along with the facts and circumstances of the offense, including the legal presumption that the Defendant was a favorable candidate for alternative sentencing. She stated that she was required to consider full probation but noted that the burden was on the Defendant to establish that he was a suitable candidate for full probation.

In sentencing the Defendant, the trial judge found and applied as an enhancement factor that the Defendant had a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1). This enhancement factor is clearly supported by the Defendant's convictions of robbery and possession of a controlled substance. The judge also found that the Defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. See id. § 40-35-114(8). The trial judge based this finding on the Defendant's admission that he had not complied with a previous order of restitution in connection with his parole from the robbery sentence in Virginia. The judge stated, however, that she was giving this factor little weight. The judge also found as an enhancement factor that the Defendant had abused a position of private trust. See id. § 40-35-114(15). She stated that she was giving this enhancement factor more weight than the Defendant's previous history of criminal convictions. Although the Defendant argues that the trial court erred in applying this enhancement factor, we believe it is clearly supported by the record. The victim was the daughter of the Defendant's first cousin. He had known her all her life. She was allowed to spend the night in his home and in fact was staying with him overnight when these offenses occurred. The record thus establishes that the Defendant stood in a relationship to the victim that promoted confidence, reliability and faith. See State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996); State v. McKnight, 900 S.W.2d 36, 55 (Tenn. Crim. App. 1994); State v. David Sharpe, No. M1999-00262-CCA-R3-CD, 2000 WL 291452, at *2 (Tenn. Crim. App., Nashville, Mar. 21, 2000).

The Defendant argues that the trial court erred by failing to apply as a mitigating factor that his conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). In view of the testimony presented concerning the detrimental effect the Defendant's actions have had on the victim's academic performance and attitude in general, we find no error with the trial court's refusal to apply this factor in mitigation. If applicable, this factor would be entitled to little weight. See State v. Harold Leon Sutton, Jr., No. 03C01-9708-CC-00344, 1998 WL 126250, at *4 (Tenn. Crim. App., Knoxville, Mar. 23, 1998). While the trial judge noted the Defendant's stable employment history as a non-statutory mitigating factor, see Tenn. Code Ann. § 40-35-113(13), she found that the enhancement factors far outweighed any mitigating factors.[3]

The Defendant argues that he is entitled to full probation. In determining whether to grant probation, the judge must consider the nature and circumstances of the offense, the defendant's criminal record, his background and social history, his present condition, including his physical and mental condition, the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The burden is on the Defendant to show that the sentence he received is improper and that he is entitled to probation. Ashby, 823 S.W.2d at 169.

---

[3]The Defendant asserts that the trial court should have imposed the minimum sentence for each Class E felony, which is one year. It appears from the record, however, that the two concurrent two-year sentences were a part of the Defendant's plea agreement.

The trial court denied the Defendant total probation, stating,

> I find that you have not carried the burden of demonstrating to the court that full probation would serve the ends of justice or yourself or the community. I find that some period of incarceration is necessary. I find that because of the seriousness of the offenses, because of the fact that I find that you are not truthful, and because of the fact that using common sense I accept the victim's version of the offense. I find it was actually a rape.

In evaluating the Defendant's veracity and credibility, the trial court found that the Defendant's expressions of remorse were not sincere. It is clear from the record that the judge did not credit the Defendant's testimony concerning his version of the events giving rise to these charges.

A defendant's lack of truthfulness or candor has long been considered an appropriate consideration in denying probation, because this conduct reflects poorly on the Defendant's potential for rehabilitation. See State v. Doughty, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994); see also State v. Neeley, 678 S.W.2d 48, 49 (Tenn. 1984). The nature and circumstances of the offenses,[4] together with the Defendant's record of previous convictions, also reflect negatively on the Defendant's suitability for full probation. Based on our review of the record, we are unable to conclude that the trial judge erred or abused her discretion in denying the Defendant full probation.

The State concedes that the trial judge erred in ordering the Defendant to serve 280 days in the county jail. We agree. The Defendant received two concurrent felony sentences of two years in length. Our legislature has provided that inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date. Tenn. Code Ann. § 40-35-501(a)(3). (emphasis added). The trial court seemed to express its disagreement with the mandatory release provision established by the legislature. In ordering the Defendant to serve 280 days "day for day" in the local jail, the trial judge stated, "The reason is, is because I think the community deserves more protection than the community would get if I just denied all forms of alternative sentencing, okay." Nevertheless, this court has held that a trial court may not circumvent the mandatory provision of the statute by ordering a term of "split confinement" in excess of the release date provided by Tennessee Code Annotated section 40-35-501(a)(3). State v. Charles Justin Osborne, No. 01C01-9806-CC-00246, 1999 WL 298220 at *7 (Tenn. Crim. App., Nashville, May 12, 1999); State v. John W. Hill, No. 01C01-9802-CC-00072, 1999 WL 92948 at *1-2 (Tenn. Crim. App., Nashville, Feb. 25, 1999). The Defendant's release eligibility date is 30% of two years, which equates to 219 days. We therefore conclude that the Defendant's sentence must be modified to provide that he serve 219 days in the county jail. In all other respects, the judgment of the trial court is affirmed.

---

[4] "[T]he trial court may look behind a plea agreement and consider the true nature of the offense committed." State v. Latoya Anderson, No. 02C01-9707-CR-00251, 1998 WL 599527, at *3 (Tenn. Crim. App., Jackson, Sept. 11, 1998) (citing State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988)).

_____
DAVID H. WELLES, JUDGE